IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| S.C. JOHNSON & SON, INC. and CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA, | ) ) ) ) | FILED: AUG 18, 2008<br>08 CV 4696<br>Case No. JUDGE NORGLE |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE ASHMAN<br>RCC |
| v. | ) ) | W.D.Wis Case No. 07-C-0689 |
| THE DIAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**THIRD PARTY SARA LEE CORPORATION'S
MOTION TO QUASH 30(b)(6) SUBPOENA**

Third-party Sara Lee Corporation ("Sara Lee Corp.") appears for the limited purpose of this motion and, through its attorneys, moves under Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv) to quash the subpoena served by Plaintiffs S.C. Johnson & Son, Inc. ("SCJ") and Consultoria Técnica E. Representações, LDA, ("CTR") in connection with Case No. 07-C-0689, currently pending in the United States District Court for the Western District of Wisconsin.

In support of its Motion, Sara Lee Corp. states as follows:

1. The underlying matter is a patent infringement suit Plaintiffs filed against the Dial Corporation ("Dial") in the Western District of Wisconsin, alleging that Dial's "TriScents" electrical air-freshener infringes a patent allegedly owned by CTR and licensed to SCJ.

2. On information and belief, the TriScents product is sold in the United States by Dial under distribution agreements between Dial and Sara Lee Household & Body Care España, SL ("H&BCE"), a Spanish corporation having its principal place of business in Barcelona, Spain.

3. Rather than pursuing a deposition of H&BCE under 28 U.S.C. § 1781 and the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters by issuing letters rogatory to the appropriate judicial authorities in the deponent's domiciliary nation, Plaintiffs have instead served on Sara Lee Corp. a Rule 30(b)(c) subpoena issued by this Court on July 31, 2008, a true and accurate copy of which is attached as Exhibit A.

4. Following a reasonable investigation, Sara Lee Corp. states on information and belief that no officer or employee of Sara Lee Corp. has non-privileged knowledge on any of the 30(b)(6) topics. *See* Declaration of Mary Margaret Murray, attached as Exhibit B. Rather, on information and belief, H&BCE officers and employees would have knowledge on at least some of the topics.

5. H&BCE is operated as a separate business, distinct from Sara Lee Corp., and the employees of H&BCE are responsible for day-to-day decision making relating to that business. Therefore, the information sought by the subpoena is not known nor reasonably available to Sara Lee Corp.

6. The undersigned has informed Plaintiffs that they have served the wrong legal entity and asked them to withdraw their subpoena. Plaintiffs have refused to withdraw their subpoena, but they have agreed to brief the issue to the court on an expedited basis.

WHEREFORE, Sara Lee Corp. respectfully requests that this Court quash the Rule 30(b)(6) subpoena on Sara Lee Corp.

| | |
|---|---|
| 8/18/08 | Respectfully submitted, |
| | SARA LEE CORPORATION |
| | By:  s/ Steven R. Trybus<br>One of its Attorneys |
| | Steven R. Trybus (# 6193419)<br>J. Andrew Hirth (# 6294324)<br>JENNER & BLOCK LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>Telephone: 312 923-8307<br>Facsimile: 312 923-8407 |

## **CERTIFICATE OF SERVICE**

      I certify that on August 18, 2008 a copy of the foregoing Motion to Quash was filed with the Court and served on the following counsel of record by U.S. mail and e-mail:


John S. Skilton
john.skilton@hellerehrman.com
Michelle M. Umberger
michelle.unberger@hellerehrman.com
Christopher Hanewicz
christopher.hanewicz@hellerehrman.com
Lissa R. Koop
lissa.koop@hellerehrman.com
Autumn Nero
autumn.nero@hellerehrman.com
HELLER EHRMAN, LLP
1 East Main St., Ste 201
Madison, WI 53703
*Counsel for S.C. Johnson & Son, Inc.,
and Consultoria Técnica E Representações, LDA*


Stephen B. Judlowe
sjudlowe@morganlewis.com
Louis J. Virelli, J.
lvirelli@morganlewis.com
Philip L. Hirschhorn
phirschhorn@morganlewis.com
Daniel P. Murphy
dmurphy@morganlewis.com
MORGON, LEWIS & BLOCKIUS, LLP
101 Park Ave.
New York, NY 10178
*Counsel for the Dial Corporation*

Michael J Modl
mmodl@axley.com
Steven M. Streck
sstreck@axley.com
AXLEY BRYNELSON, LLP
2 E. Mifflin St., Ste 200
P.O. Box 1767
Madison, WI 53701
*Counsel for the Dial Corporation*


                                                    s/ J. Andrew Hirth
                                                   J. Andrew Hirth
                                                   JENNER & BLOCK LLP
                                                   330 N. Wabash Avenue
                                                   Chicago, IL 60611
                                                   Telephone: 312 840-7418
                                                   Facsimile: 312 840-7518

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN　　　DISTRICT OF　　　Illinois

S.C. JOHNSON & SON, INC., et al.

V.

THE DIAL CORPORATION,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:07-cv-00689-bbc
United States District Court for the
Western District of Wisconsin

TO: Sara Lee Corporation
c/o Corporation Service Company
33 North LaSalle St.
Chicago, IL 60602

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Topics are listed on attached Notice of Deposition,

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCracken & Frank LLP<br>311 South Wacker, Chicago, IL 60606 | 8/20/2008 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | 7/31/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

One East Main Street, Suite 201, Madison, WI 53703 608-663-7460

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

S.C. JOHNSON & SON, INC. and
CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA,

    **Plaintiffs and Counterdefendants,**

                                        Case No. 07-C-0689-C

vs.

THE DIAL CORPORATION,

    **Defendant and Counterclaimant.**

---

**PLAINTIFFS' NOTICE OF DEPOSITION OF SARA LEE CORPORATION
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

TO:

| | |
|---|---|
| Michael J. Modl<br>mmodl@axley.com<br>Steven M. Streck<br>sstreck@axley.com<br>*Attorneys for Defendant Dial Corporation*<br>AXLEY BRYNELSON, LLP<br>2 E. Mifflin St., Suite 200 (53703)<br>P.O. Box 1767<br>Madison, WI 53701-1767<br>(608) 257-5661 (Phone)<br>(608) 257-5444 (Facsimile) | Stephen B. Judlowe<br>sjudlowe@morganlewis.com<br>Louis J. Virelli, Jr.<br>lvirelli@morganlewis.com<br>Philip L. Hirschhorn<br>phirschhorn@morganlewis.com<br>Daniel P. Murphy<br>dmurphy@morganlewis.com<br>*Attorneys for Defendant Dial Corporation*<br>MORGAN, LEWIS & BOCKIUS, LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>(212) 309-2101 (Phone)<br>(212) 309-6001 (Facsimile) |

    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs S.C. Johnson & Son, Inc. ("S.C. Johnson") and Consultoria Técnica e Representações, Lda. ("CTR") will take the deposition upon oral examination of the corporate

designee(s) of defendant Sara Lee Corporation ("Sara Lee") commencing at 9:30 a.m. on August 20, 2008, at the offices of McCracken & Frank, 311 South Wacker, Chicago, Illinois, or at such other time and place as may be agreed upon by the parties. The deposition will be taken before a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates. The deposition shall be recorded stenographically and by videotape by a person authorized by law to administer oaths.

Pursuant to Rule 30(b)(6), Sara Lee shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the matters set forth in Schedule A. For purposes of interpreting any terms in Schedule A, the Definitions in Plaintiffs' First Set of Requests for the Production of Documents, Electronically Stored Information and Things are hereby incorporated by reference. Sara Lee is requested to provide counsel for plaintiffs with written notice, at least five days prior to the date of the deposition, of the name(s) and position(s) of the designee(s) who will testify on behalf of Sara Lee and to identify upon which matters each designee will testify.

Dated this 31st day of July, 2008    HELLER EHRMAN LLP

By _____
John S. Skilton
john.skilton@hellerehrman.com
Michelle M. Umberger
michelle.umberger@hellerehrman.com
Christopher G. Hanewicz
christopher.hanewicz@hellerehrman.com
Lissa R. Koop
lissa.koop@hellerehrman.com
Autumn N. Nero
autumn.nero@hellerehrman.com
*Attorneys for S.C. Johnson & Son, Inc. and Consultoria Técnica Representações, LDA*
HELLER EHRMAN LLP
1 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460 (Phone)
(608) 663-7499 (Facsimile)

3

## Schedule A

## TOPICS UPON WHICH SARA LEE IS REQUESTED TO PROVIDE A 30(b)(6) WITNESS

1) All facts and circumstances relating to Sara Lee's first awareness of the '367 patent or the application for the '367, patent or any European counterpart thereto, including the date Sara Lee first became aware of that patent, the person who first became aware of that patent, and any actions Sara Lee undertook after becoming aware of that patent, including but not limited to its obtaining any opinion of counsel pertaining to that patent.

2) All facts and circumstances relating to Sara Lee's discussions with Carbonate and/or CTR concerning multi-fragrancing technology, including but not limited to such negotiations in 2004 which included Trevor Withell, Jonathan Bull, Maria Jose Gonzalez and Arjan Muis.

3) All facts and circumstances relating to any attempts by Sara Lee to design its own electrically powered multi-fragrancing device apart from its 3Volution product, including but not limited to 1) the identify of the persons responsible for any such design efforts, 2) the status of such design efforts and, 3) if applicable, the reason that Sara Lee decided not to commercialize any such designs.

4) All facts and circumstances relating to any decision to design around the '367 patent or any European counterpart of that patent.

5) All facts and circumstances relating to the reasons Sara Lee entered into the Distribution and License Agreement and the Logistics Agreement with Dial.

6) All facts and circumstances relating to the negotiation or implementation of the terms of the Distribution and License Agreement and the Logistics Agreement with Dial, including but not limited to any discussion relating to any indemnity provisions relating to patent infringement, whether adopted or not.

7) All discussions with Dial concerning the '367 patent.

8) The design, development, structure, function, and materials used in the TriScents products currently manufactured by or on behalf of Sara Lee and sold in the United States by Dial.

9) The sales of Sara Lee's 3Volution product since its introduction, including the identification of all revenue, broken down by month or quarter, and costs associated with the sale of that product.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.C. JOHNSON & SON, INC. and CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No. _____ |
| v. | ) ) W.D.Wis Case No. 07-C-0689 |
| THE DIAL CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF MARY MARGARET MURRAY
IN SUPPORT OF
THIRD PARTY SARA LEE CORPORATION'S
MOTION TO QUASH SUBPOENA**

I, Mary Margaret Murray, declare as follows:

1.  I am an attorney licensed to practice law in the State of Illinois since 1992, and I have worked in the Law Department of the Sara Lee Corporation ("Sara Lee Corp.") since 2005.

2.  I have first-hand, personal knowledge of the facts set forth in this Declaration, which I am submitting in support of Third Party Sara Lee Corp.'s Motion to Quash Subpoena.

3.  The subpoena in question is a 30(b)(6) subpoena served on Sara Lee Corp. by S.C. Johnson & Son, Inc., ("SCJ") and Consultoria Técnica E Representações, LDA ("CTR") (hereinafter collectively "Plaintiffs") on July 31, 2008.

4.  The subpoena seeks discovery in patent infringement litigation, Case No. 07-C-0689, currently pending in the United States District Court for the Western District of Wisconsin, in which Plaintiffs have sued the Dial Corporation ("Dial"), alleging that Dial's "TriScents" electrical multi-fragrance air freshener infringes U.S. Patent No. 6,487,367, ("the '367 patent").

5. Plaintiffs in the underlying litigation have previously served a subpoena on Sara Lee Corp., requesting, among other documents, communications between specific employees of Sara Lee Household & Body Care España, SL ("H&BCE"), Dial, and/or CTR.

6. Sara Lee Corp. has no contractual or other business relationship with Dial related to Dial's "TriScents" electrical multi-fragrance air freshener or the '367 patent; however Sara Lee Corp. is aware that Dial has a contractual relationship related to the "TriScents" product with Sara Lee Household & Body Care España, SL ("H&BCE"), a Spanish corporation having its principal place of business in Barcelona, Spain.

7. Sara Lee Corp., a Maryland corporation with its principal place of business in Illinois, is the ultimate corporate parent of a vast family of well over 200 legal entities, including H&BCE and various entities that have direct ownership interests in H&BCE.

8. H&BCE is a separate legal entity and is operated as a separate business, distinct from Sara Lee Corp., and the employees of H&BCE are responsible for day-to-day decision making relating to that business.

9. Sara Lee Corp. has no day-to-day control over H&BCE's employees; nor does it share their knowledge.

10. Sara Lee Corp., as distinct from H&BCE, does not make, use, sell, offer for sale or distribute the "TriScents" product at issue.

11. Sara Lee Corp., as distinct from H&BCE, did not have discussions with CTR and/or Carbonate concerning multi-fragrancing technology.

12. Sara Lee Corp., as distinct from H&BCE, did not attempt to design a multi-fragrancing device.

2

13.     Sara Lee Corp., as distinct from H&BCE, did not enter into a Distribution and License Agreement or a Logistics Agreement with Dial. Payments that Dial makes under its agreements with H&BCE are not made to Sara Lee Corp.

14.     Sara Lee Corp., as distinct from H&BCE, did not have any non-privileged discussions with Dial about the '367 patent.

15.     Sara Lee Corp., as distinct from H&BCE, did not design or develop the "TriScents" product and is not responsible for its structure and function or the materials used in its manufacture.

16.     Sara Lee Corp., as distinct from H&BCE, does not make or sell the "3Volution" product.

17.     Although Sara Lee Corp. played no role in any contractual relationship between H&BCE and Dial, Sara Lee Corp. did request documents from H&BCE in response to Plaintiffs' first subpoena and produced them to Plaintiffs.

18.     Following Sara Lee Corp.'s production of documents, Plaintiffs requested that Sara Lee Corp. voluntarily produce several current and former H&BCE employees for depositions.

19.     Because none of the requested deponents works for Sara Lee Corp., and none works or lives in the United States, Sara Lee Corp. refused to produce them and advised Plaintiffs to subpoena their deposition through proper channels.

20. As in-house counsel for Sara Lee Corp., I have gained some knowledge in the course of my representation of Sara Lee Corp. on some of the topics identified in Plaintiffs' 30(b)(6) subpoena. However, any such knowledge was acquired as part of my representation of Sara Lee Corp.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18 day of August 2006 at Downers Grove, Illinois.

*Mary Margaret Murray*
Mary Margaret Murray

**CERTIFICATE OF SERVICE**

      I certify that on August 18, 2008 a copy of the foregoing Declaration of May Margaret Murray was filed with the Court and served on the following counsel of record by U.S. mail and e-mail:

John S. Skilton
john.skilton@hellerehrman.com
Michelle M. Umberger
michelle.unberger@hellerehrman.com
Christopher Hanewicz
christopher.hanewicz@hellerehrman.com
Lissa R. Koop
lissa.koop@hellerehrman.com
Autumn Nero
autumn.nero@hellerehrman.com
HELLER EHRMAN, LLP
1 East Main St., Ste 201
Madison, WI 53703
*Counsel for S.C. Johnson & Son, Inc.,
and Consultoria Técnica E Representações, LDA*


Stephen B. Judlowe
sjudlowe@morganlewis.com
Louis J. Virelli, J.
lvirelli@morganlewis.com
Philip L. Hirschhorn
phirschhorn@morganlewis.com
Daniel P. Murphy
dmurphy@morganlewis.com
MORGON, LEWIS & BLOCKIUS, LLP
101 Park Ave.
New York, NY 10178
*Counsel for the Dial Corporation*

Michael J Modl
mmodl@axley.com
Steven M. Streck
sstreck@axley.com
AXLEY BRYNELSON, LLP
2 E. Mifflin St., Ste 200
P.O. Box 1767
Madison, WI 53701
*Counsel for the Dial Corporation*


                                             s/ J. Andrew Hirth
                                             J. Andrew Hirth
                                             JENNER & BLOCK LLP
                                             330 N. Wabash Avenue
                                             Chicago, IL 60611
                                             Telephone: 312 840-7418
                                             Facsimile: 312 840-7518