**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| S.C. JOHNSON & SON, INC. and CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA,   )<br>)<br>)<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>THE DIAL CORPORATION,   )<br>)<br>Defendant.   ) | FILED: AUG 18, 2008<br>08 CV 4696<br>Case No. JUDGE NORGLE<br>MAGISTRATE JUDGE ASHMAN<br>RCC<br>W.D.Wis Case No. 07-C-0689 |

**THIRD PARTY SARA LEE CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO QUASH SUBPOENA**

Sara Lee Corporation ("Sara Lee Corp."), a third party to the underlying patent litigation currently pending in the United States District Court for the Western District of Wisconsin, submits this Memorandum of Law in Support of its Motion to Quash the Rule 30(b)(6) subpoena issued by this Court and served on Sara Lee Corp. by Plaintiffs.

**INTRODUCTION & BACKGROUND**

On December 6, 2007, Plaintiffs S.C. Johnson & Son, Inc., ("SCJ") and Consultoria Técnica E Representações, LDA ("CTR") (hereinafter collectively "Plaintiffs") filed a complaint for patent infringement against the Dial Corporation ("Dial") in the Western District of Wisconsin, Civil Action No. 07-C-0689. In their Complaint, Plaintiffs alleged that Dial's sales of its TriScents electrical multi-fragrance air fresheners infringe U.S. Patent No. 6,487,367, ("the '367 patent"), a patent allegedly owned by CTR and licensed by CTR to SCJ. (Exhibit B to the Motion to Quash, Murray Dec. at ¶ 4). As Plaintiffs have known for months, if not prior to filing the lawsuit, Dial has a contractual relationship involving TriScents with Sara Lee Household &

Body Care España, SL ("H&BCE"), a Spanish corporation with its principal place of business in Barcelona, Spain.  (Murray Dec. at ¶ 6).

A scheduling order was entered in the underlying action in January, 2008; that order set a discovery cut off of October 17, 2008.  As part of that discovery process, in February 2008, Plaintiffs served a document subpoena on Sara Lee Corp., a Maryland corporation with its principal place of business in Downers Grove, Illinois.  (Murray Dec. at ¶ 5, 7).  The subpoena sought the production of, among other items, documents showing communications between specific employees of H&BCE, Dial, and/or plaintiff CTR.  (*Id.*)  Because Sara Lee Corp. played no role in H&BCE's relationship with Dial, Sara Lee Corp. did not possess the documents Plaintiffs sought.  (Murray Dec. at ¶¶ 6, 9-15). Nevertheless, Sara Lee Corp. responded to the document subpoena by producing to Plaintiffs responsive documents from H&BCE.  (Murray Dec. at ¶ 17).

Plaintiffs next identified two current and two former H&BCE employees that Plaintiffs seek to depose.  Plaintiffs requested that Sara Lee Corp. agree to voluntarily produce these individuals for deposition.  (Murray Dec. at ¶ 18).  None of the four proposed deponents works for Sara Lee Corp. and none lives or works in the United States.  Rather, the four individuals that Plaintiffs identified live and work in Europe.  Consequently, Sara Lee Corp. informed Plaintiffs that they would have to issue proper subpoenas to obtain the depositions of these individuals. (Murray Dec. at ¶ 19).

Plaintiffs did not pursue the depositions of the four individuals in Europe under 28 U.S.C. § 1781 and the Hague Convention.  Instead, on July 31, 2008, through a subpoena issued by this Court (Exhibit A to the Motion to Quash), Plaintiffs have commanded that Sara Lee Corp. produce a Rule 30(b)(6) witness knowledgeable on nine topics.  Plaintiffs have known for a long

time that Sara Lee Corp. is not the corporation that has agreements with Dial relating to TriScents devices. Rather, H&BCE has agreements with Dial and H&BCE and its employees (and former employees) may have some knowledge regarding the topics in the subpoena.

The nine topics in the subpoena issued to Sara Lee Corp. relate to:

(1)  Sara Lee Corp.'s awareness of the '367 patent;
(2)  Alleged discussions between Sara Lee Corp. and CTR and/or Carbonate (another third party) concerning multi-fragrancing technology;
(3)  Any attempts by Sara Lee Corp. to design a multi-fragrancing device;
(4)  Any decision to design around the '367 patent;
(5)  A Distribution and License Agreement and a Logistics Agreement (incorrectly identified as being between Sara Lee Corp. and Dial);
(6)  Negotiations concerning the Agreements of Topic (5);
(7)  Discussions with Dial regarding the '367 patent;
(8)  Design, development, structure, function, and materials used in Dial's TriScents products (incorrectly identified as being made by or on behalf of Sara Lee Corp.); and
(9)  Sales and cost information regarding 3Volution (a fragrancing device sold in Europe (incorrectly identified as being Sara Lee Corp.'s product)).

Sara Lee Corp. does not have relevant factual knowledge on the topics in the subpoena.[1]

Sara Lee Corp. does not make, use, sell, offer for sale or distribute the TriScents product at issue. (Murray Dec. at ¶ 10). Sara Lee Corp. did not have discussions with CTR and/or Carbonate concerning multi-fragrancing technology. (*Id.* at ¶ 11). Sara Lee Corp. did not attempt to design a multi-fragrancing device. (*Id.* at ¶ 12). Sara Lee Corp. did not enter into a

---

[1] Certain in-house counsel employed by Sara Lee Corp., in the course of representation of Sara Lee Corp., may have gained some knowledge on some of the topics identified in Plaintiffs' 30(b)(6) subpoena. (Murray Dec. at ¶ 20). However, any such knowledge came as part of counsel's representation of the client (*Id.*), is protected by the attorney-client privilege, is immune from discovery, and so does not provide a proper basis for the subpoena to Sara Lee Corp.

Distribution and License Agreement or a Logistics Agreement with Dial. (*Id.* at ¶ 13).  Sara Lee Corp. receives no money from Dial pursuant to any such agreement.  (*Id.*)  Sara Lee Corp. did not have any non-privileged discussions with Dial about the '367 patent.  (*Id.* at ¶ 14).  Sara Lee Corp. did not design or develop TriScents and is not responsible for its structure and function or the materials used in its manufacture.  (*Id.* at ¶ 15).  Sara Lee Corp. does not make or sell the "3Volution" product.  (*Id.* at ¶ 16).

The only association that Sara Lee Corp. has with the underlying lawsuit is that Sara Lee Corp. is the ultimate corporate parent of a vast family of well over 200 legal entities, including H&BCE and various entities that have direct ownership interests in H&BCE.  (*Id.* at ¶ 7).  Sara Lee Corp. and H&BCE are separate and distinct corporate entities.  (*Id.* at ¶ 8).  H&BCE is operated as a separate business, distinct from Sara Lee Corp., and the officers and employees of H&BCE are responsible for all day-to-day decision-making and operations relating to that business. (*Id.*).

## ARGUMENT

Plaintiffs have served the 30(b)(6) subpoena on the wrong corporate entity.  Sara Lee Corp. does not know or have reasonably available to it any non-privileged information on the topics set forth in the subpoena.  Plaintiffs' motives in serving this subpoena on Sara Lee Corp. are quite apparent.  With the discovery cutoff looming, Plaintiffs are attempting an end-run around the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters by seeking a 30(b)(6) deposition of United States-based Sara Lee Corp. on topics known only to H&BCE employees and former H&BCE employees located in Europe.

Under Rule 30(b)(6), a party may seek to have a corporate entity "testify about information ***known or reasonably available*** to the organization."  Fed. R. Civ. P. 30(b)(6)

4

(emphasis added). Rule 30(b)(6) often simplifies discovery on corporations by limiting the number of corporate officers and employees deposed and by requiring the corporation to identify who among its officers or employees possesses the information sought. Although Rule 30(b)(6) therefore prevents a corporation from compartmentalizing its knowledge to avoid disclosure, it does not require a corporation to testify about information beyond what is "known or *reasonably available* to the organization."

Here, Sara Lee Corp. does not have knowledge about the topics on which Plaintiffs seek testimony. Sara Lee Corp.'s lack of knowledge is established by the declaration of Mary Margaret Murray. Because the information sought by the subpoena is not known to Sara Lee Corp., the only remaining question is whether the information is reasonably available to Sara Lee Corp. This is not a case where H&BCE is a direct and wholly-owned subsidiary of Sara Lee Corp. and over which Sara Lee Corp. asserts day-to-day control *Cf. Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 2002 WL 1835439, *3 (S.D.N.Y. 2002) (noting lack of authority on whether parent company must prepare 30(b)(6) witness with knowledge of parent's subsidiaries, and answering that question in the affirmative where the parent directly controlled the sub).

Where, as here, the subpoenaed corporation does not control the day-to-day operations of a foreign affiliate, that affiliate's knowledge is not reasonably available to the parent corporation and it is improper to require the parent to speak for the subsidiary. In such circumstances, a 30(b)(6) deposition of the parent is an inappropriate discovery vehicle. *See In re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259, *9 (S.D.N.Y. 2006). In *Ski Train Fire*, plaintiffs requested a parent corporation to provide documents and 30(b)(6) testimony that were solely in possession of one of its subsidiaries. The court ordered the parent to comply with

the document request,[2] *id.* at *8; however, the court refused to compel the parent to produce a Rule 30(b)(6) deponent on topics for which only the subsidiary's employees possessed such information:

> It is one thing to require a corporate parent to produce documents in the possession of its foreign subsidiary, when, as a practical matter, it is able to secure those documents. It is simply not comparable to require a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity.

*Id.* at *9. This is exactly what Plaintiffs seek to do here.

Although Sara Lee Corp. produced documents to Plaintiffs in response to their first subpoena, Sara Lee Corp. was merely the courier for documents in possession of H&BCE. Requesting documents from a foreign affiliate and handing them over to another party was not unduly burdensome, and Sara Lee Corp. complied. Now, however, Plaintiffs want Sara Lee Corp. to designate one of its own employees—none of whom possesses any knowledge of the topics identified in Plaintiffs' 30(b)(6) subpoena or the underlying patent litigation—to undertake the extraordinarily burdensome task of educating himself on a range of topics known only to the employees of another company in another country. As the *Ski Fire Train* court noted, it is one thing for a parent corporation to procure documents from an affiliate; it is quite another to order that parent to conduct an investigation at its own expense into the affairs, contracts, designs, business plans, and manufacturing operations of a foreign company that is not a direct subsidiary and then testify under oath to the results of that investigation.

Requiring a third-party like Sara Lee Corp. to undertake such an onerous task is particularly inappropriate here where Plaintiffs have long been able to pursue the depositions of

---

[2] Similarly, here, Sara Lee Corp. has responded to document requests that were part of an earlier subpoena *duces tecum* to Sara Lee Corp. from Plaintiffs by providing documents from H&BCE.

6

H&BCE personnel under 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.[3]  The impending discovery deadline and the subtleties of perfecting service on foreign witnesses suggest that Plaintiffs seek to use Rule 30(b)(6) illegitimately to force Sara Lee Corp. to conduct Plaintiffs' discovery for them.

The requested information is not "known or reasonably available" to Sara Lee Corp. and it is improper to require Sara Lee Corp. to educate itself with the knowledge of all of its subsidiaries.

## CONCLUSION

Sara Lee Corp. asks that this Court quash Plaintiffs' Rule 30(b)(6) subpoena.

Respectfully submitted,

SARA LEE CORPORATION

Dated: 8/18/08                         By:   s/ Steven R. Trybus
                                              One of its Attorneys

                                              Steven R. Trybus (# 6193419)
                                              J. Andrew Hirth (# 6294324)
                                              JENNER & BLOCK LLP
                                              330 N. Wabash Avenue
                                              Chicago, IL 60611
                                              Telephone: 312 923-8307
                                              Facsimile: 312 923-8407

---

[3] It appears that Plaintiffs may still try to depose at least some of the individuals.  Plaintiffs' counsel recently requested that the undersigned, as counsel for Sara Lee Corp., provide the current addresses of the two H&BCE employees and one of the former H&BCE employees that were previously identified.

**CERTIFICATE OF SERVICE**

      I certify that on August 18, 2008 a copy of the foregoing Memorandum of Law in Support of Sara Lee Corp.'s Motion to Quash was filed with the Court and served on the following counsel of record by U.S. mail and e-mail:

John S. Skilton
john.skilton@hellerehrman.com
Michelle M. Umberger
michelle.unberger@hellerehrman.com
Christopher Hanewicz
christopher.hanewicz@hellerehrman.com
Lissa R. Koop
lissa.koop@hellerehrman.com
Autumn Nero
autumn.nero@hellerehrman.com
HELLER EHRMAN, LLP
1 East Main St., Ste 201
Madison, WI 53703
*Counsel for S.C. Johnson & Son, Inc.,*
*and Consultoria Téchnica E Representações, LDA*

Stephen B. Judlowe
sjudlowe@morganlewis.com
Louis J. Virelli, J.
lvirelli@morganlewis.com
Philip L. Hirschhorn
phirschhorn@morganlewis.com
Daniel P. Murphy
dmurphy@morganlewis.com
MORGON, LEWIS & BLOCKIUS, LLP
101 Park Ave.
New York, NY 10178
*Counsel for the Dial Corporation*

Michael J Modl
mmodl@axley.com
Steven M. Streck
sstreck@axley.com
AXLEY BRYNELSON, LLP
2 E. Mifflin St., Ste 200
P.O. Box 1767
Madison, WI 53701
*Counsel for the Dial Corporation*

   s/ J. Andrew Hirth
J. Andrew Hirth
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 840-7418
Facsimile: 312 840-7518