IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| S.C. JOHNSON & SON, INC. and CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-C-4696 |
| v. | ) ) ) | Judge Charles R. Norgle |
| THE DIAL CORPORATION, | ) ) | W.D.Wis Case No. 07-C-0689 |
| Defendant. | ) ) | |

**THIRD PARTY SARA LEE CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA**

Sara Lee Corporation ("Sara Lee Corp.") submits this Reply in support of its Motion to Quash Plaintiffs S.C. Johnson & Son, Inc., ("SCJ") and Consultoria Técnica E Representações, LDA's ("CTR") (collectively "Plaintiffs") Rule 30(b)(6) subpoena.

**There are no facts in dispute on this motion**. Plaintiffs' Opposition to Sara Lee Corp.'s Motion makes it clear that the operative facts are not in dispute. Sara Lee Corp. has no knowledge of the topics set forth in Plaintiffs' 30(b)(6) deposition subpoena. Rather, one or more of the over 200 subsidiaries of Sara Lee Corp., including Sara Lee Household & Body Care España, SL ("H&BCE"), a Spanish corporation, may have knowledge on some of the topics. But, Sara Lee Corp. is a separate corporation, does not possess all of the same knowledge of H&BCE or its other subsidiaries and does not control the day-to-day activities of H&BCE, which has its own directors, officers, and employees. Because Plaintiffs admit that Sara Lee Corp. has no relevant knowledge, the subpoena should be quashed unless there is a showing that the information sought is *reasonably* available to Sara Lee Corp.

Plaintiffs avoid addressing the reasonableness of their subpoena and try to reframe the question as whether it is possible for Sara Lee Corp. to respond to the subpoena.  However, Rule 30(b)(6), not the Plaintiffs, defines the issue on this motion, and that issue is whether the information is *reasonably* available to Sara Lee Corp., *i.e.*, whether the knowledge of H&BCE (and *every* other Sara Lee subsidiary worldwide) is *reasonably* available to Sara Lee Corp.

*In re Ski Train Fire* **is directly analogous to the present case.**   The parties have identified two prior decisions relating to the obligation of a parent corporation to testify regarding knowledge of a subsidiary.  Of the two cases, *In re Ski Train Fire* is clearly more analogous.  *Compare In re Ski Train Fire of November 11, 2000 Kaprun Austria*, Case No. MDL 1428, 2006 WL 1328259, *9 (S.D.N.Y. May 16, 2006) *with Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, Case No. 01-3016, 2002 WL 1835439, *3 (S.D.N.Y. August 8, 2002).

The court in *Ski Train Fire* refused to require a parent corporation to testify concerning parts manufactured by a subsidiary.  Although the parent had produced documents from the subsidiary under an earlier subpoena *duces tecum*,[1] the court held that it was not reasonable to require "a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity."  *Id.* at *9.  Plaintiffs are asking this Court to do exactly that—to order Sara Lee Corp. to obtain information from all of its subsidiaries, including at least one foreign subsidiary outside of the Court's jurisdiction, and to bind itself under oath on those matters.

---

[1] Plaintiffs argue here that Sara Lee Corp.'s earlier cooperation in responding to a document subpoena should now be held against Sara Lee Corp. However, in responding to that subpoena, Sara Lee Corp. merely acted as a conduit between Plaintiffs and H&BCE; the burden in gathering H&BCE's documents was on H&BCE. Requiring Sara Lee Corp. to undertake a comprehensive investigation of the knowledge of all of its subsidiaries including H&BCE to testify on their behalf puts a much heavier burden directly on Sara Lee Corp.

The court in *Twentieth Century Fox* was presented with very different circumstances. First, unlike here, neither of the purported subsidiaries in *Twentieth Century Fox* was "a legally cognizable entity." 2002 WL 1835439 at *2. Second, in contrast to the overly broad subpoena in the present case, containing nine topics ranging from contract negotiations to patent research to electronics design, the 30(b)(6) subpoena in *Twentieth Century Fox* sought information about a single document. *Id.* at *1. Finally, the court in *Twentieth Century Fox* compelled the corporate parent's deposition only after it and one of its purported subsidiaries denied all knowledge of the document at issue and pointed their fingers at one another during previous 30(b)(6) depositions. *Id.* at *1-2. In contrast, Plaintiffs here came first to Sara Lee Corp.

The ruling in *Twentieth Century Fox* was based on the reasoning that the subpoena there was analogous to an interrogatory or a document request. *Id.* at *4. Given the extremely narrow subpoena at issue in that case, there may well have been no logical reason to distinguish between a deposition and an interrogatory. The circumstances in the present case make it completely illogical to treat Plaintiffs' 30(b)(6) subpoena like an interrogatory. Plaintiffs' subpoena is not limited to determining information about a single document (or even a single subsidiary); rather Plaintiffs seek *all* the knowledge possessed by "Sara Lee." Indeed, Plaintiffs' Opposition sets forth their belief that an additional subsidiary, Sara Lee Household & Body Care International BV (a separate Dutch corporation), also has relevant knowledge, *see* Plaintiffs' Brief at 3 and Plaintiffs' Ex. B, and that Sara Lee Corp. must testify about this knowledge as well.

In short, Plaintiffs would require Sara Lee Corp. to investigate each and every one of its subsidiaries and affiliates, *well over 200 separate corporations worldwide*, to search for knowledge on the subpoena topics. In order for Sara Lee Corp. to meet its obligations and testify on the topics in the subpoena, it would have to conduct a time- and cost-intensive investigation

3

of each and every subsidiary in order to prepare for any question within the scope of any of the noticed topics. If Sara Lee Corp.'s obligation extends to the knowledge of *every one of its subsidiaries*, as Plaintiffs argue, the burden will be overwhelming and anything but reasonable. Especially given the breadth of the topics in the subpoena, it is doubtful a single witness could even collect and retain all the necessary information. Even if Sara Lee Corp. designated several 30(b)(6) representatives, and charged each to educate himself on the knowledge possessed by the entire Sara Lee corporate family on an individual topic, gathering that knowledge would take each deponent days if not weeks or months. What Plaintiffs ask is unprecedented under the Federal Rules, unworkable in this case, and completely unreasonable—especially in view of Plaintiffs' failure to avail themselves of discovery processes that would be less burdensome on third parties.

**Plaintiffs' request is unreasonable given the failure to attempt to reduce burden on third parties such as Sara Lee Corp.** Sara Lee Corp. has made no attempt to hide the ball, as was the case in *Twentieth Century Fox*. Rather, it simply has tried to focus Plaintiffs' discovery on the right target and require Plaintiffs to obtain information from H&BCE. Now, as the discovery deadline looms in the underlying matter, and with Plaintiffs freely admitting that they likely no longer have time to depose the relevant witnesses, *see* Plaintiffs' Brief at 7, n.5, Plaintiffs ask this Court to rule in effect that Sara Lee Corp. must conduct Plaintiffs' discovery for them. There are international methods of compelling the testimony of persons with relevant knowledge, but Plaintiffs refused to avail themselves of those methods. Their inaction should not be rewarded by shifting the burden of discovery to Sara Lee Corp., which is neither a party to this litigation nor involved in the design, manufacture, or distribution of the disputed product.

5

     For all of these reasons, Sara Lee Corp. respectfully requests that this Court quash Plaintiffs' Rule 30(b)(6) subpoena.

                                                   Respectfully submitted,

                                                 SARA LEE CORPORATION

Dated: 8/28/08                              By:    s/ Steven R. Trybus
                                                      One of its Attorneys

                                                   Steven R. Trybus (# 6193419)
                                                 J. Andrew Hirth (# 6294324)
                                                 JENNER & BLOCK LLP
                                                 330 N. Wabash Avenue
                                                 Chicago, IL 60611
                                                 Telephone: 312 923-8307
                                                 Facsimile: 312 923-8407

**CERTIFICATE OF SERVICE**

  I certify that on August 28, 2008 a copy of the foregoing Reply in Support of Sara Lee Corp.'s Motion to Quash was filed with the Court and served on the following counsel of record by e-mail:

John S. Skilton
john.skilton@hellerehrman.com
Michelle M. Umberger
michelle.unberger@hellerehrman.com
Christopher Hanewicz
christopher.hanewicz@hellerehrman.com
Lissa R. Koop
lissa.koop@hellerehrman.com
Autumn Nero
autumn.nero@hellerehrman.com
HELLER EHRMAN, LLP
1 East Main St., Ste 201
Madison, WI 53703
*Counsel for S.C. Johnson & Son, Inc.,*
*and Consultoria Téchnica E Representações, LDA*

Stephen B. Judlowe
sjudlowe@morganlewis.com
Louis J. Virelli, J.
lvirelli@morganlewis.com
Philip L. Hirschhorn
phirschhorn@morganlewis.com
Daniel P. Murphy
dmurphy@morganlewis.com
MORGON, LEWIS & BLOCKIUS, LLP
101 Park Ave.
New York, NY 10178
*Counsel for the Dial Corporation*

Michael J Modl
mmodl@axley.com
Steven M. Streck
sstreck@axley.com
AXLEY BRYNELSON, LLP
2 E. Mifflin St., Ste 200
P.O. Box 1767
Madison, WI 53701
*Counsel for the Dial Corporation*

           s/ J. Andrew Hirth
           J. Andrew Hirth
           JENNER & BLOCK LLP
           330 N. Wabash Avenue
           Chicago, IL 60611
           Telephone: 312 840-7418
           Facsimile: 312 840-7518