IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.C. JOHNSON & SON, INC. and CONSULTORIA TÉCNICA E REPRESENTAÇÕES, LDA, )<br>)<br>)<br>) | |
| ) | Case No. 08 C 4696 |
| Plaintiffs, ) | |
| ) | Judge Charles R. Norgle |
| v. ) | |
| ) | Magistrate Judge |
| THE DIAL CORPORATION, ) | Martin C. Ashman |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, S.C. Johnson & Son, Inc. and Consultoria Técnica E Representações, LDA (hereinafter abbreviated as "CTR" for convenience), filed suit against Defendant, the Dial Corporation, in the United States District Court for the Western District of Wisconsin alleging that certain air-freshening products sold by Dial infringe a patent owned by CTR and licensed to S.C. Johnson. In the course of litigation, S.C. Johnson and CTR subpoenaed a third party, Sara Lee Corporation, to produce a witness knowledgeable on several topics of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6). Currently before the Court is Sara Lee's motion to quash the Rule 30(b)(6) subpoena, which the Court decides under Judge Norgle's referral of the matter pursuant to Local Rule 72.1. For the reasons set forth below, Sara Lee's motion to quash is denied.

The facts relevant to the disposition of this motion are not in dispute. Sara Lee does not deny that it owns a subsidiary named Sara Lee Health and Body Care España, SL, or that this Spanish corporation has a contractual relationship with Dial that involves the accused product in

this case—in fact, Sara Lee's brief affirmatively states these facts. (Sara Lee Mem. at 1-2.) S.C. Johnson and CTR issued the Rule 30(b)(6) subpoena in order to obtain testimony regarding this relationship. Sara Lee's objection is premised on the fact that the Spanish subsidiary that dealt directly with Dial is a separate legal entity over which Sara Lee does not exercise direct, day-to-day control. In fact, according to Sara Lee's counsel, there are eight degrees of ownership separation between it and the Spanish subsidiary. Because it is merely "the ultimate corporate parent of a vast family" of companies that happens to include Sara Lee Health and Body Care España, Sara Lee argues, it should not be required to designate a Rule 30(b)(6) deponent to provide testimony on topics that are so remote from its purview. In response, S.C. Johnson and CTR note that Sara Lee Health and Body Care España is wholly owned, ultimately, by Sara Lee, and that its profits are included in Sara Lee's SEC filings. Sara Lee has produced documents from the Spanish subsidiary in this case, and Sara Lee's counsel admitted to the Court that Sara Lee would likely be able to exert sufficient practical, if not legal, control over its subsidiary to produce one or more witnesses if necessary. The question before the Court is whether it is proper to require Sara Lee to do so under Rule 30(b)(6).

Rule 30(b)(6) allows a party to name a corporation or other organization as a deponent. The party seeking the organization's testimony must "describe with reasonable particularity the matters for examination," and the scope of the deposition is limited to "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The parties have brought to the Court's attention only two cases addressing the duty of a corporate parent to produce a Rule 30(b)(6) witness to testify regarding the knowledge of a subsidiary, and the Court has found no other authority addressing the point. S.C. Johnson and CTR point to *Twentieth Century Fox*

*Film Corp. v. Marvel Enters., Inc.*, No. 01 C 3016, 2002 WL 1835439 (S.D.N.Y. August 8, 2002). The *Twentieth Century* court held that an entity subpoenaed pursuant to Rule 30(b)(6) must produce a witness prepared to testify with the knowledge of its subsidiaries if the subsidiaries are "within its control." 2002 WL 1835439, at *2. Sara Lee counters with *In re Ski Train Fire of November 11, 2000, Kaprun, Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259 (S.D.N.Y. May 16, 2006). In *Ski Train Fire*, the court declined to follow *Twentieth Century* and held that a corporate parent was not required to "acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity," because the subsidiary's knowledge was not "reasonably available" for purposes of Rule 30(b)(6). 2006 WL 1328259, at *9. Sara Lee also notes that the testimony sought in *Twentieth Century* related to one document, whereas the testimony sought in this case is more like the expansive testimony sought and denied in *Ski Train Fire*.

With no controlling legal authority on when knowledge of a subsidiary is "reasonably available" to a parent and equally divided precedents from other courts, the Court turns for guidance to the Advisory Committee notes that accompanied the introduction of Rule 30(b)(6) in 1970. The notes indicate that the purpose of the Rule was to facilitate and streamline discovery involving organizations. For instance, the Advisory Committee stated that the Rule would "reduce the difficulties now encountered in determining . . . whether a particular employee or agent is a 'managing agent.'" Advisory Committee Notes to the 1970 Amendments to Rule 30, subdivision b(6). The interest in efficiency would be served in that case by having the party that is best positioned to know the inner workings of the corporation designate the appropriate

- 3 -

witness. The Advisory Committee was aware that Rule 30(b)(6) imposed new burdens on the organization being deposed, such as the burden of identifying the proper witness. However, the Advisory Committee wrote that this burden is "not essentially different than the burden of answering interrogatories . . . and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge." *Id.* This comment evinces an intent to shift certain burdens to the entity that is in a better position to obtain useful information. In this case, Sara Lee, with its practical ability to control its Spanish subsidiary, is in a far better position than S.C. Johnson and CTR to identify the proper witness or witnesses and produce them for a deposition, notwithstanding Sara Lee's lack of direct day-to-day operational control.

Echoing the concerns of the *Ski Train Fire* court, Sara Lee argues that it should not be forced to "acquire" all of the knowledge of Sara Lee Health and Body Care España regarding events in which Sara Lee and its employees did not participate. But this argument seems to assume that Sara Lee must designate one of its own employees or officers as a witness. The Rule imposes no such requirement. Indeed, it expressly contemplates the designation of "other persons who consent to testify on [the entity's] behalf." Fed. R. Civ. P. 30(b)(6). Because Sara Lee can decide for itself who should testify and can designate the person who is most familiar with the designated topics, it will not be forced to start from scratch and independently acquire all of the knowledge that is necessary to comply with the subpoena. Nor will Sara Lee have to provide witnesses with the knowledge of all 200 Sara Lee subsidiaries. The subpoena, which defines the scope of the deposition, focuses on the specific patent at issue in this case, Dial's allegedly infringing product, and negotiations and contracts related to that product. (Mot. to Quash, Ex. A.) This focus should significantly restrict the number of relevant subsidiaries.

For these reasons, the Court finds that the information sought in S.C. Johnson and CTR's Rule 30(b)(6) subpoena is "reasonably available" to Sara Lee in both a practical and a legal sense. Therefore, Sara Lee's motion to quash the subpoena is denied.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: September 10, 2008.